# EXHIBIT "A"

VAN DER VEEN, HARTSHORN, LEVIN
& LINDHEIM
BY: Michael T. van der Veen, Esquire
ID No. 75616
David C. Devine, Esquire
ID No. 72191
1219 Spruce Street
Philadelphia, PA 19107
P: 215-546-1000
F: 215-546-8529

Filed and Attested by the
Office of Judicial Records
22 DEC 2025 04:55 pm
S. RICE

ATTORNEYS FOR PLAINTIFFS

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
COMMONWEALTH OF PENNSYLVANIA- CIVIL DIVISION

| | |
|---|---|
| **BREON BULLOCK**<br>**4630 Island Avenue**<br>**Philadelphia, PA 19153**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AIRBNB, INC.**<br>**888 Brannan Street**<br>**San Francisco, CA 94103**<br><br>***And***<br><br>**UDR COOL SPRINGS I LLC**<br>**1999 Bryan Street**<br>**Suite 900**<br>**Dallas, TX 75201**<br><br>***And***<br><br>**COOL SPRINGS II LP**<br>**3198 Parkwood Boulevard**<br>**Frisco, TX 75034**<br><br>***And***<br><br>**WESTWOOD ADVISORY SERVICES, INC.**<br>**3198 Parkwood Boulevard**<br>**Suite 11076**<br>**Frisco, TX 75034**<br><br>***And***<br><br>**OLIVIA GONZALEZ**<br>**1880 W. Prosper Trail** | **MAJOR JURY MATTER**<br>**AN ASSESSMENT OF DAMAGES**<br>**HEARING IS REQUIRED**<br><br>**TERM:**<br><br>**No.:** |

| | |
|---|---|
| **Prosper, TX 75078**<br><br>***And***<br><br>**JOHN DOES AND JANE DOES #1-10, a fictitious name used to designate unknown parties.**<br><br>***And***<br><br>**ABC COMPANIES #1-10, a fictitious name used to designate unknown parties,**<br><br>**Defendants.** | |

## NOTICE TO DEFEND

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 215-238-6333

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.
LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
SERVICO DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: 215-238-6333

VAN DER VEEN, HARTSHORN, LEVIN
& LINDHEIM
BY: Michael T. van der Veen, Esquire
ID No. 75616
David C. Devine, Esquire
ID No. 72191
1219 Spruce Street
Philadelphia, PA 19107
P: 215-546-1000
F: 215-546-8529
ATTORNEYS FOR PLAINTIFFS

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
COMMONWEALTH OF PENNSYLVANIA- CIVIL DIVISION

| | |
|---|---|
| BREON BULLOCK<br>4630 Island Avenue<br>Philadelphia, PA 19153<br><br>Plaintiff,<br><br>v.<br><br>AIRBNB, INC.<br>888 Brannan Street<br>San Francisco, CA 94103<br><br>*And*<br><br>UDR COOL SPRINGS I LLC<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br><br>*And*<br><br>COOL SPRINGS II LP<br>3198 Parkwood Boulevard<br>Frisco, TX 75034<br><br>*And*<br><br>WESTWOOD ADVISORY SERVICES, INC.<br>3198 Parkwood Boulevard<br>Suite 11076<br>Frisco, TX 75034<br><br>*And*<br><br>OLIVIA GONZALEZ<br>1880 W. Prosper Trail<br>Prosper, TX 75078 | MAJOR JURY MATTER<br>AN ASSESSMENT OF DAMAGES<br>HEARING IS REQUIRED<br><br>TERM:<br><br>No.: |

occupied, possessed, controlled, maintained, supervised, and/or derived economic benefit from the premises located at 3198 Parkwood Boulevard, Frisco, Texas 75034, including marketing to, advertising to, and soliciting business from residents of Philadelphia County, Pennsylvania.

5. Defendant Westwood Advisory Services, Inc. is believed and therefore averred to be a corporation organized and existing under the laws of a state other than Pennsylvania, with a principal place of business located at located at the address indicated above, which owned, operated, occupied, possessed, controlled, maintained, supervised, and/or was otherwise legally responsible for the care, custody, control, inspection, maintenance, repair, and safety of the premises located at 3198 Parkwood Boulevard, Frisco, Texas 75034, including marketing to, advertising to, and soliciting business from residents of Philadelphia County, Pennsylvania.

6. Defendant Olivia Gonzalez is an adult individual who, at all times relevant hereto, owned, leased, operated, managed, controlled, possessed, maintained, listed, and/or hosted the subject rental unit located at 3198 Parkwood Boulevard, Frisco, Texas 75034, through the Airbnb platform.

7. Defendants John Does and Jane Does #1-10 are fictitious names used to identify unknown individuals who owned, operated, managed, maintained, inspected, repaired, serviced, or were otherwise responsible for the premises located at 3198 Parkwood Boulevard, Frisco, Texas 75034, including the plumbing, ceilings, flooring, and conditions causing water intrusion.

8. Defendants ABC Companies #1-10 are fictitious names used to identify unknown entities, corporations, partnerships, contractors, subcontractors, or business entities that owned, operated, managed, maintained, inspected, repaired, serviced, or were otherwise responsible for the premises located at 3198 Parkwood Boulevard, Frisco, Texas 75034, including the plumbing, ceilings, flooring, and conditions causing water intrusion.

9. Pursuant to Pa.R.C.P. 2005(b), the names of Defendants John Does and Jane Does #1-10 and ABC Companies #1-10 are unknown to Plaintiff after having conducted a reasonable search with due diligence.

10. Pursuant to Pa.R.C.P. 2005(b), the designations John Does and Jane Does #1-10 and ABC Companies #1-10 are averred to be fictitious.

11. Pursuant to Pa.R.C.P. 2005(b), the factual descriptions of Defendants John Does and Jane Does #1-10 and ABC Companies #1-10 are averred with sufficient particularity for identification. Upon learning the identities of said Defendants, the caption will be amended accordingly in compliance with the Pennsylvania Rules of Civil Procedure.

12. At all times relevant and material hereto, Defendants owned, operated, occupied, possessed, controlled, maintained, supervised, inspected, repaired, and/or derived economic benefit from the premises located at 3198 Parkwood Boulevard, Frisco, Texas 75034.

13. At all times relevant and material hereto, Defendants were acting either individually, jointly, or through their respective agents, servants, contractors, workmen, employees, and/or representatives, all of whom were acting within the course and scope of their employment and/or agency.

14. Defendants are liable both individually and for the acts and omissions of their agents, servants, contractors, workmen, employees, and/or representatives through the doctrines of respondeat superior, vicarious liability, and non-delegable duty.

15. At all times relevant and material hereto, Plaintiff was a lawful guest and business invitee upon the premises located at 3198 Parkwood Boulevard, Frisco, Texas 75034.

16. At all times relevant and material hereto, Defendants owned, operated, occupied, possessed, controlled, maintained, supervised, inspected, repaired, and/or were otherwise legally

responsible for the care, custody, and safety of the premises located at 3198 Parkwood Boulevard, Frisco, Texas 75034 (hereinafter the "Premises").

17. At all times relevant and material hereto, Defendants were responsible for the maintenance, supervision, inspection, and control of the interior areas of the Premises, including but not limited to the ceilings, plumbing systems, flooring, and walking surfaces.

18. At all times relevant and material hereto, Defendants had a duty to exercise reasonable care to ensure that the Premises were maintained in a safe condition for lawful guests and invitees, including Plaintiff.

19. On or about January 15, 2024, Plaintiff was lawfully present upon the Premises.

20. Prior to said date, water was leaking and/or dripping from the ceiling of the Premises, allowing water to accumulate on the floor and walking surface.

21. Defendants failed to properly inspect, repair, remedy, clean, dry, or otherwise correct the aforesaid water intrusion and accumulation.

22. On the aforementioned date, while exercising due care and caution, Plaintiff was walking within the Premises when he slipped and fell on the accumulated water caused by the leaking ceiling.

23. Defendants, through their agents, servants, employees, contractors, and/or representatives, knew or should have known of the leaking ceiling, the water intrusion, and the dangerous condition it created upon the Premises.

24. Despite having actual and/or constructive notice of the dangerous condition, Defendants failed to take reasonable steps to repair the leak, remove the accumulated water, dry the affected area, barricade the area, or warn Plaintiff of the dangerous condition.

25. The incident and resulting injuries sustained by Plaintiff were caused solely by the negligence and carelessness of Defendants and were not due to any act or omission on the part of Plaintiff.

**COUNT I**
**Plaintiff, Breon Bullock v. Defendant, Airbnb, Inc.**

26. Plaintiff incorporates the foregoing paragraphs by reference as though set forth herein at length.

27. The negligence and carelessness of Defendant, Airbnb, Inc., consisted of the following:

(a) allowing a dangerous condition to exist upon the Premises;
(b) failing to exercise proper care, custody, and/or control over the Premises;
(c) failing to warn Plaintiff of the dangerous condition;
(d) failing to properly monitor, inspect, keep safe, correct, or have corrected or otherwise maintain and remove the aforesaid dangerous condition;
(e) failing to properly and adequately maintain the condition of the Premises;
(f) failing to take reasonable precautions against the aforesaid dangerous condition;
(g) failing to respond in a timely manner to the aforesaid dangerous condition;
(h) failing to discover, correct, and remove the dangerous condition of the Premises;
(i) failing to furnish a reasonable number and distribution of safety personnel and safety equipment;
(j) failing to post warning signs and/or barricades warning of the dangerous condition upon the Premises;
(k) failing to properly and adequately hire, train, and/or instruct its agents, servants, workmen, contractors, employees, and/or representatives as to safe

and proper procedures for inspecting, maintaining, and repairing the Premises, including the area of the dangerous condition;

(l) failing to properly train, supervise, or otherwise instruct its agents, servants, workmen, contractors, employees, and/or representatives in the proper procedures to correct the dangerous condition of the Premises;

(m) failing to discover, correct, and remove the dangerous conditions of the Premises;

(n) failing to have adequate policies and procedures for inspecting and maintaining the Premises, including but not limited to the area of the dangerous condition;

(o) failing to follow its policies and procedures for inspecting and maintaining the Premises;

(p) failing to remove the dangerous condition of the Premises; and

(q) failing to otherwise act with reasonable care under the circumstances.

28. As a direct and proximate result of the negligence and carelessness of Defendant, Airbnb, Inc., Plaintiff was caused to suffer serious and permanent injuries, all to his great detriment and loss, financial and otherwise.

29. As a further direct and proximate result of the negligence and carelessness of Defendant, Airbnb, Inc., Plaintiff has suffered in the past and may in the future suffer inconvenience, embarrassment, emotional distress, humiliation, pain and suffering, and loss of life's pleasures, all to his great detriment and loss, financial and otherwise.

30. As a further direct and proximate result of the negligence and carelessness of Defendant, Airbnb, Inc., Plaintiff has been in the past and may continue in the future to be unable to attend his usual daily activities, avocations, and occupations, all to his great loss and detriment, financial and otherwise.

31. As a further direct and proximate result of the negligence and carelessness of Defendant, Airbnb, Inc., Plaintiff has incurred and may in the future incur medical expenses and other financial losses, all to his great loss and detriment, financial and otherwise.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant, Airbnb, Inc., in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs, delay damages, and such other and further relief as this Court deems just and appropriate.

**COUNT II**
**Plaintiff, Breon Bullock v. Defendant, UDR Cool Springs I LLC**

32. Plaintiff incorporates the foregoing paragraphs by reference as though set forth herein at length.

33. The negligence and carelessness of Defendant, UDR Cool Springs I LLC, consisted of the following:

(a) allowing a dangerous condition to exist upon the Premises;

(b) failing to exercise proper care, custody, and/or control over the Premises;

(c) failing to warn Plaintiff of the dangerous condition;

(d) failing to properly monitor, inspect, keep safe, correct, or have corrected or otherwise maintain and remove the aforesaid dangerous condition;

(e) failing to properly and adequately maintain the condition of the Premises;

(f) failing to take reasonable precautions against the aforesaid dangerous condition;

(g) failing to respond in a timely manner to the aforesaid dangerous condition;

(h) failing to discover, correct, and remove the dangerous condition of the Premises;

(i) failing to furnish a reasonable number and distribution of safety personnel and safety equipment;

(j) failing to post warning signs and/or barricades warning of the dangerous condition upon the Premises;

(k) failing to properly and adequately hire, train, and/or instruct its agents, servants, workmen, contractors, employees, and/or representatives as to safe

and proper procedures for inspecting, maintaining, and repairing the Premises, including the area of the dangerous condition;

(l) failing to properly train, supervise, or otherwise instruct its agents, servants, workmen, contractors, employees, and/or representatives in the proper procedures to correct the dangerous condition of the Premises;

(m) failing to discover, correct, and remove the dangerous conditions of the Premises;

(n) failing to have adequate policies and procedures for inspecting and maintaining the Premises, including but not limited to the area of the dangerous condition;

(o) failing to follow its policies and procedures for inspecting and maintaining the Premises;

(p) failing to remove the dangerous condition of the Premises; and

(q) failing to otherwise act with reasonable care under the circumstances.

34. As a direct and proximate result of the negligence and carelessness of Defendant, UDR Cool Springs I LLC, Plaintiff was caused to suffer serious and permanent injuries, all to his great detriment and loss, financial and otherwise.

35. As a further direct and proximate result of the negligence and carelessness of Defendant, UDR Cool Springs I LLC, Plaintiff has suffered in the past and may in the future suffer inconvenience, embarrassment, emotional distress, humiliation, pain and suffering, and loss of life's pleasures, all to his great detriment and loss, financial and otherwise.

36. As a further direct and proximate result of the negligence and carelessness of Defendant, UDR Cool Springs I LLC, Plaintiff has been in the past and may continue in the future to be unable to attend his usual daily activities, avocations, and occupations, all to his great loss and detriment, financial and otherwise.

37. As a further direct and proximate result of the negligence and carelessness of Defendant, UDR Cool Springs I LLC, Plaintiff has incurred and may in the future incur medical expenses and other financial losses, all to his great loss and detriment, financial and otherwise.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant, UDR Cool Springs I LLC, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs, delay damages, and such other and further relief as this Court deems just and appropriate.

**COUNT III**
**Plaintiff, Breon Bullock v. Defendant, Cool Springs II LP**

Plaintiff incorporates the foregoing paragraphs by reference as though set forth herein at length.

The negligence and carelessness of Defendant, Cool Springs II LP, consisted of the following:

(a) allowing a dangerous condition to exist upon the Premises;
(b) failing to exercise proper care, custody, and/or control over the Premises;
(c) failing to warn Plaintiff of the dangerous condition;
(d) failing to properly monitor, inspect, keep safe, correct, or have corrected or otherwise maintain and remove the aforesaid dangerous condition;
(e) failing to properly and adequately maintain the condition of the Premises;
(f) failing to take reasonable precautions against the aforesaid dangerous condition;
(g) failing to respond in a timely manner to the aforesaid dangerous condition;
(h) failing to discover, correct, and remove the dangerous condition of the Premises;
(i) failing to furnish a reasonable number and distribution of safety personnel and safety equipment;
(j) failing to post warning signs and/or barricades warning of the dangerous condition upon the Premises;
(k) failing to properly and adequately hire, train, and/or instruct its agents, servants, workmen, contractors, employees, and/or representatives as to safe and proper

procedures for inspecting, maintaining, and repairing the Premises, including the area of the dangerous condition;

(l) failing to properly train, supervise, or otherwise instruct its agents, servants, workmen, contractors, employees, and/or representatives in the proper procedures to correct the dangerous condition of the Premises;

(m) failing to discover, correct, and remove the dangerous conditions of the Premises;

(n) failing to have adequate policies and procedures for inspecting and maintaining the Premises, including but not limited to the area of the dangerous condition;

(o) failing to follow its policies and procedures for inspecting and maintaining the Premises;

(p) failing to remove the dangerous condition of the Premises; and

(q) failing to otherwise act with reasonable care under the circumstances.

38. As a direct and proximate result of the negligence and carelessness of Defendant, Cool Springs II LP, Plaintiff was caused to suffer serious and permanent injuries, all to his great detriment and loss, financial and otherwise.

39. As a further direct and proximate result of the negligence and carelessness of Defendant, Cool Springs II LP, Plaintiff has suffered in the past and may in the future suffer inconvenience, embarrassment, emotional distress, humiliation, pain and suffering, and loss of life's pleasures, all to his great detriment and loss, financial and otherwise.

40. As a further direct and proximate result of the negligence and carelessness of Defendant, Cool Springs II LP, Plaintiff has been in the past and may continue in the future to be unable to attend his usual daily activities, avocations, and occupations, all to his great loss and detriment, financial and otherwise.

41. As a further direct and proximate result of the negligence and carelessness of Defendant, Cool Springs II LP, Plaintiff has incurred and may in the future incur medical expenses and other financial losses, all to his great loss and detriment, financial and otherwise.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant, Cool Springs II LP, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs, delay damages, and such other and further relief as this Court deems just and appropriate.

**COUNT IV**
**Plaintiff, Breon Bullock v. Defendant, Westwood Advisory Services, Inc.**

42. Plaintiff incorporates the foregoing paragraphs by reference as though set forth herein at length.

43. The negligence and carelessness of Defendant, Westwood Advisory Services, Inc., consisted of the following:

(a) allowing a dangerous condition to exist upon the Premises;
(b) failing to exercise proper care, custody, and/or control over the Premises;
(c) failing to warn Plaintiff of the dangerous condition;
(d) failing to properly monitor, inspect, keep safe, correct, or have corrected or otherwise maintain and remove the aforesaid dangerous condition;
(e) failing to properly and adequately maintain the condition of the Premises;
(f) failing to take reasonable precautions against the aforesaid dangerous condition;
(g) failing to respond in a timely manner to the aforesaid dangerous condition;
(h) failing to discover, correct, and remove the dangerous condition of the Premises;
(i) failing to furnish a reasonable number and distribution of safety personnel and safety equipment;
(j) failing to post warning signs and/or barricades warning of the dangerous condition upon the Premises;
(k) failing to properly and adequately hire, train, and/or instruct its agents, servants, workmen, contractors, employees, and/or representatives as to safe and proper

procedures for inspecting, maintaining, and repairing the Premises, including the area of the dangerous condition;

(l) failing to properly train, supervise, or otherwise instruct its agents, servants, workmen, contractors, employees, and/or representatives in the proper procedures to correct the dangerous condition of the Premises;

(m) failing to discover, correct, and remove the dangerous conditions of the Premises;

(n) failing to have adequate policies and procedures for inspecting and maintaining the Premises, including but not limited to the area of the dangerous condition;

(o) failing to follow its policies and procedures for inspecting and maintaining the Premises;

(p) failing to remove the dangerous condition of the Premises; and

(q) failing to otherwise act with reasonable care under the circumstances.

44. As a direct and proximate result of the negligence and carelessness of Defendant, Westwood Advisory Services, Inc., Plaintiff was caused to suffer serious and permanent injuries, all to his great detriment and loss, financial and otherwise.

45. As a further direct and proximate result of the negligence and carelessness of Defendant, Westwood Advisory Services, Inc., Plaintiff has suffered in the past and may in the future suffer inconvenience, embarrassment, emotional distress, humiliation, pain and suffering, and loss of life's pleasures, all to his great detriment and loss, financial and otherwise.

46. As a further direct and proximate result of the negligence and carelessness of Defendant, Westwood Advisory Services, Inc., Plaintiff has been in the past and may continue in the future to be unable to attend his usual daily activities, avocations, and occupations, all to his great loss and detriment, financial and otherwise.

47. As a further direct and proximate result of the negligence and carelessness of Defendant, Westwood Advisory Services, Inc., Plaintiff has incurred and may in the future incur

medical expenses and other financial losses, all to his great loss and detriment, financial and otherwise.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant, Westwood Advisory Services, Inc., in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs, delay damages, and such other and further relief as this Court deems just and appropriate.

## COUNT V
## Plaintiff, Breon Bullock v. Defendant, Olivia Gonzalez

48. Plaintiff incorporates the foregoing paragraphs by reference as though set forth herein at length.

49. The negligence and carelessness of Defendant, Olivia Gonzalez, consisted of the following:

(a) allowing a dangerous condition to exist upon the Premises;

(b) failing to exercise proper care, custody, and/or control over the Premises;

(c) failing to warn Plaintiff of the dangerous condition;

(d) failing to properly monitor, inspect, keep safe, correct, or have corrected or otherwise maintain and remove the aforesaid dangerous condition;

(e) failing to properly and adequately maintain the condition of the Premises;

(f) failing to take reasonable precautions against the aforesaid dangerous condition;

(g) failing to respond in a timely manner to the aforesaid dangerous condition;

(h) failing to discover, correct, and remove the dangerous condition of the Premises;

(i) failing to furnish a reasonable number and distribution of safety personnel and safety equipment;

(j) failing to post warning signs and/or barricades warning of the dangerous condition upon the Premises;

(k) failing to properly and adequately hire, train, and/or instruct any agents, servants, contractors, or representatives responsible for inspecting, maintaining, and repairing the Premises, including the area of the dangerous condition;

(l) failing to properly supervise or otherwise instruct any agents, servants, contractors, or representatives in the proper procedures to correct the dangerous condition of the Premises;

(m) failing to discover, correct, and remove the dangerous conditions of the Premises;

(n) failing to have adequate policies and procedures for inspecting and maintaining the Premises, including but not limited to the area of the dangerous condition;

(o) failing to follow any policies and procedures for inspecting and maintaining the Premises;

(p) failing to remove the dangerous condition of the Premises; and

(q) failing to otherwise act with reasonable care under the circumstances.

50. As a direct and proximate result of the negligence and carelessness of Defendant, Olivia Gonzalez, Plaintiff was caused to suffer serious and permanent injuries, all to his great detriment and loss, financial and otherwise.

51. As a further direct and proximate result of the negligence and carelessness of Defendant, Olivia Gonzalez, Plaintiff has suffered in the past and may in the future suffer inconvenience, embarrassment, emotional distress, humiliation, pain and suffering, and loss of life's pleasures, all to his great detriment and loss, financial and otherwise.

52. As a further direct and proximate result of the negligence and carelessness of Defendant, Olivia Gonzalez, Plaintiff has been in the past and may continue in the future to be unable to attend his usual daily activities, avocations, and occupations, all to his great loss and detriment, financial and otherwise.

53. As a further direct and proximate result of the negligence and carelessness of Defendant, Olivia Gonzalez, Plaintiff has incurred and may in the future incur medical expenses and other financial losses, all to his great loss and detriment, financial and otherwise.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant, Olivia Gonzalez, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs, delay damages, and such other and further relief as this Court deems just and appropriate.

**COUNT VI**
**Plaintiff, Breon Bullock v. Defendants, John Does and Jane Does #1-10**

54. Plaintiff incorporates the foregoing paragraphs by reference as though set forth herein at length.

55. The negligence and carelessness of Defendants, John Does and Jane Does #1-10, consisted of the following:

(a) allowing a dangerous condition to exist upon the Premises;
(b) failing to exercise proper care, custody, and/or control over the Premises;
(c) failing to warn Plaintiff of the dangerous condition;
(d) failing to properly monitor, inspect, keep safe, correct, or have corrected or otherwise maintain and remove the aforesaid dangerous condition;
(e) failing to properly and adequately maintain the condition of the Premises;
(f) failing to take reasonable precautions against the aforesaid dangerous condition;
(g) failing to respond in a timely manner to the aforesaid dangerous condition;
(h) failing to discover, correct, and remove the dangerous condition of the Premises;
(i) failing to furnish a reasonable number and distribution of safety personnel and safety equipment;

(j) failing to post warning signs and/or barricades warning of the dangerous condition upon the Premises;

(k) failing to properly and adequately inspect, maintain, repair, service, and/or remediate the Premises, including the leaking ceiling and accumulated water;

(l) failing to properly supervise or otherwise act to correct the dangerous condition of the Premises;

(m) failing to discover, correct, and remove the dangerous conditions of the Premises;

(n) failing to have adequate policies and procedures for inspecting and maintaining the Premises, including but not limited to the area of the dangerous condition;

(o) failing to follow any policies and procedures for inspecting and maintaining the Premises;

(p) failing to remove the dangerous condition of the Premises; and

(q) failing to otherwise act with reasonable care under the circumstances.

56. As a direct and proximate result of the negligence and carelessness of Defendants, John Does and Jane Does #1-10, Plaintiff was caused to suffer serious and permanent injuries, all to his great detriment and loss, financial and otherwise.

57. As a further direct and proximate result of the negligence and carelessness of Defendants, John Does and Jane Does #1-10, Plaintiff has suffered in the past and may in the future suffer inconvenience, embarrassment, emotional distress, humiliation, pain and suffering, and loss of life's pleasures, all to his great detriment and loss, financial and otherwise.

58. As a further direct and proximate result of the negligence and carelessness of Defendants, John Does and Jane Does #1-10, Plaintiff has been in the past and may continue in the future to be unable to attend his usual daily activities, avocations, and occupations, all to his great loss and detriment, financial and otherwise.

59. As a further direct and proximate result of the negligence and carelessness of Defendants, John Does and Jane Does #1-10, Plaintiff has incurred and may in the future incur

medical expenses and other financial losses, all to his great loss and detriment, financial and otherwise.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants, John Does and Jane Does #1-10, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, together with interest, costs, delay damages, and such other and further relief as this Court deems just and appropriate.

**COUNT**
**VII Plaintiff, Breon Bullock v. Defendants, ABC Companies #1-10**

60. Plaintiff incorporates the foregoing paragraphs by reference as though set forth herein at length.

61. The negligence and carelessness of Defendants, ABC Companies #1-10, consisted of the following:

(a) allowing a dangerous condition to exist upon the Premises;
(b) failing to exercise proper care, custody, and/or control over the Premises;
(c) failing to warn Plaintiff of the dangerous condition;
(d) failing to properly monitor, inspect, keep safe, correct, or have corrected or otherwise maintain and remove the aforesaid dangerous condition;
(e) failing to properly and adequately maintain the condition of the Premises;
(f) failing to take reasonable precautions against the aforesaid dangerous condition;
(g) failing to respond in a timely manner to the aforesaid dangerous condition;
(h) failing to discover, correct, and remove the dangerous condition of the Premises;
(i) failing to furnish a reasonable number and distribution of safety personnel and safety equipment;