**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BREON BULLOCK** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-1894** |
| | : | |
| **AIRBNB, INC., UDR COOL SPRINGS** | : | |
| **I LLC, OLIVIA GONZALEZ, JOHN** | : | |
| **DOES AND JANE DOES #1-10, ABC** | : | |
| **COMPANIES #1-10** | : | |

## ORDER-MEMORANDUM

**AND NOW**, this 17th day of June 2026, upon considering Defendant Gonzalez's Motion to dismiss (ECF 31), Plaintiff's Opposition (ECF 33), Defendant Gozalez's Reply (ECF 37) and finding Plaintiff has not pleaded nor offered grounds in briefing allowing us to ignore the plainly evident bar of Pennsylvania's two year statute of limitations for negligence claims arising from a January 2024 slip and fall but having not served the complaint upon Defendant Gonzalez until April 2026 beyond the two year statute of limitations, it is **ORDERED** we **GRANT** Defendant Gonzalez's Motion to dismiss (ECF 31) requiring we dismiss Plaintiff's claims against Defendant Gonzalez.

### *Analysis*

Pennsylvanian Breon Bullock rented short-term housing from Texan Olivia Gonzalez through Airbnb.[1] The ceiling in Ms. Gonzalez's housing began to leak water on January 14, 2024 and water accumulated on the floor.[2] Mr. Bullock slipped and fell, sustaining injuries on January 15, 2024.[3] Mr. Bullock sued Property Owner Gonzalez, Airbnb, and UDR Cool Springs LLC for negligence in the Court of Common Pleas of Philadelphia County on December 22, 2025.[4] Property Owner Gonzalez removed the case to this Court on March 23, 2026.[5] Removal appeared proper because Mr. Bullock had not yet served a Defendant.

We ordered Mr. Bullock on March 31, 2026 to describe the status of service on each Defendant.[6] Mr. Bullock did not comply and we again ordered him on April 14, 2026 to inform us as to the status of service.[7] Mr. Bullock disregarded our two Orders. We then ordered him on April 21, 2026 to show cause why we should not dismiss his case "for lack of prosecution including by showing effective service upon Defendants."[8] Mr. Bullock inexplicably waited until April 27, 2026 to serve Property Owner Gonzalez, along with Airbnb and UDR Cool Springs LLC.[9] Mr. Bullock effected personal service by handing a copy of the Summons and Complaint to Ms. Gonzalez.[10]

Property Owner Gonzalez now moves to dismiss under Rules 12(b)(5) and 12(b)(6) arguing Mr. Bullock's claim against her is time-barred.[11] Mr. Bullock responds he served Property Owner Gonzalez within ninety days after removal.[12] We agree with Property Owner Gonzalez. Mr. Bullock timely filed his Complaint before the statute of limitations expired. But Pennsylvania law required him to make a good faith effort to serve Property Owner Gonzalez. Mr. Bullock pleads no facts and offers no explanation in briefing allowing us to plausibly infer a good faith effort before the limitations period expired. His service after removal does not cure this defect.

The statute of limitations usually arises as an affirmative defense.[13] But "[a] complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint."[14]

The Pennsylvania General Assembly imposes a two-year statute of limitations for personal injury claims.[15] The two-year limitations period "commences when a cause of action accrues"— when "the right to institute and maintain the suit arises."[16] "Once an action is commenced by writ of summons or complaint the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service."[17] Pennsylvania Rule of Civil Procedure 404 gave Mr. Bullock ninety days after filing his Complaint to serve Property Owner Gonzalez outside Pennsylvania.[18]

The question of "[w]hat constitutes a 'good faith' effort to serve legal process is a matter to be assessed on a case-by-case basis."[19] It is in our sound discretion to determine whether a plaintiff acted in good faith.[20] Our Court of Appeals instructs us to "avoid 'the draconian action of dismissing claims based on technical failings that do not prejudice the defendant.'"[21] But "[a]t the same time, 'the plaintiff must have *actually* tried to put the defendant on notice of the suit.'"[22] "[T]he plaintiff must have engaged in a 'good-faith effort' to 'diligently and timely' serve the defendant before the writ or complaint expired."[23] "Otherwise, '[i]t would be inherently unfair, as well as contrary to the purposes of statutes of limitations, to permit the limitation period to be tolled without the defendant being apprised that he might continue to be subject to liability.'"[24] "It is the plaintiff's burden to demonstrate that his efforts were reasonable."[25]

Mr. Bullock suffered injuries when he slipped and fell in Property Owner Gonzalez's rental unit on January 15, 2024. The two-year statute of limitations began on January 15, 2024 and expired on January 15, 2026. Mr. Bullock timely sued Property Owner Gonzalez (and others) in state court on December 22, 2025.

But timely filing alone did not preserve his claim. Mr. Bullock needed to make a good faith effort to serve Property Owner Gonzalez. He did not do so. He did not serve Property Owner Gonzalez within ninety days of filing his Complaint. The record does not show diligence. It shows inaction. Mr. Bullock did not advise us of service after our March 31, 2026 Order. He again failed to do so after our Order two weeks later. He served Property Owner Gonzalez only after we ordered him to show cause why we should not dismiss his case. Mr. Bullock offers no facts now showing good faith. He does not identify an attempted service at any time before January 15, 2026 or within the ninety days after filing his Complaint. He offers absolutely no explanation as to why he waited until April 27, 2026 to serve her.

Mr. Bullock instead offers only the unsupported assertion "the averments made by Moving Defendant is an incorrect statement of law."[26] He then argues we need not dismiss because the Federal Rules allow service within ninety days after removal but cites no case law.[27] This argument is incorrect. "Following removal to federal court, the praecipe [or complaint] filing date is controlling for purposes of the statute of limitations."[28] Removal did not restart the statute-of-limitations clock or give Mr. Bullock a new deadline to preserve his claim. His December 22, 2025 state-court filing controls the limitations analysis.

We grant Property Owner Gonzalez's motion under Rule 12(b)(6) and dismiss Mr. Bullock's negligence claim against her as time-barred.

KEARNEY, J.

---

[1] ECF 17 at 8.

[2] *Id.*

[3] *Id.*

[4] ECF 1-1.

[5] ECF 1.

[6] ECF 8.

[7] ECF 9.

[8] ECF 11.

[9] ECFs 19–21; ECF 31-1 at 8–19.

[10] ECF 21.

[11] ECF 31-1 at 2, 9.

[12] ECF 33 at 5.

[13] *See* Fed. R. Civ. P. 8(c).

[14] *Sorokaput v. Fare*, No. 21-2188, 2022 WL 3043154, at *1 (3d Cir. Aug. 2, 2022) (quoting *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017)).

[15] 42 Pa. C.S. § 5524.

[16] *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 218 (3d Cir. 2022); *Beauty Time, Inc. v. VU Skin Sys., Inc.*, 118 F.3d 140, 143–44 (3rd Cir. 1997); *see also Adams v. Zimmer*, 943 F.3d 159, 163 (3d Cir. 2019) ("The two-year statute of limitations generally begins to run 'when an injury is inflicted.'") (quoting *Wilson v. El-Daief*, 600 Pa. 161 (2009)).

[17] *Williams v. Wexford Health Sources, Inc.*, 199 F. Supp. 3d 917, 923 (E.D. Pa. 2016) (quoting *Englert v. Fazio Mech. Servs., Inc.*, 932 A.2d 122, 124 (Pa. Super. Ct. 2007)).

[18] Pa. R. Civ. P. 404.

[19] *Shearer v. Allstate Ins. Co.*, No. 18-3277, 2019 WL 1317635, at *3 (E.D. Pa. Mar. 22, 2019) (quoting *Johnson v. Austin*, No. 1122 EDA 2016, 2017 WL 1400966, at *3 (Pa. Super. Ct. Apr. 19, 2017)).

[20] *Fitzsimmons v. Stuckey*, No. 20-2052, 2023 WL 6690717, at *4 (M.D. Pa. Oct. 12, 2023) (internal citation omitted).

[21] *Estate of Ginzburg v. Electrolux Home Prods.*, 783 F. App'x 159, 160 (3d Cir. 2019) (quoting *McCreesh v. City of Philadelphia*, 888 A.2d 664, 674 (Pa. 2005)).

[22] *Fitzsimmons*, 2023 WL 6690717, at *4 (quoting *O'Meally v. City of Philadelphia*, No. 21-5677, 2022 WL 1172973, at *2 (E.D. Pa. Apr. 20, 2022) (emphasis in original)).

[23] *O'Meally*, 2022 WL 1172973, at *2 (quoting *Gussom v. Teagle*, 247 A.3d 1046, 1057 (Pa. 2021)).

[24] *Id.* (quoting *Witherspoon v. City of Philadelphia*, 768 A.2d 1079, 1083 (Pa. 2001) (plurality)).

[25] *Williams*, 199 F. Supp. 3d at 924 (quoting *Bigansky v. Thomas Jefferson Univ. Hosp.*, 658 A.2d 423, 433 (Pa. Super. Ct. 1995)).

[26] ECF 33 at 5.

[27] *Id.*

[28] *Green v. City of Lancaster*, No. 25-2333, 2026 WL 1506114, at *2 (E.D. Pa. May 28, 2026) (quoting *Lempa v. Rohm & Haas Co.*, No. 05–985, 2007 WL 878496 at *5 (E.D. Pa. Mar. 20, 2007)); *see also Roseberry v. City of Phila.*, No. 14-2814, 2016 WL 826825, at *8 (E.D. Pa. Mar. 3, 2016), *aff'd*, 716 F. App'x 89 (3d Cir. 2017) ("Following removal to federal court, the Praecipe [or complaint] filing date remained controlling for purposes of the statute of limitations."); *Giehl v. Terex Utilities*, No. 12-83, 2013 WL 618775, at *3 (M.D. Pa. Feb. 19, 2013) (same).